UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PHILLIP DESHAWN LASTER,

     Plaintiff,

     v.                                                                CAUSE NO. 3:26cv297 DRL-SJF

ALLEN COUNTY COMMUNITY
CORRECTIONS FACILITY,

     Defendant.

## OPINION AND ORDER

Phillip DeShawn Laster, a prisoner without a lawyer, filed a complaint alleging he was denied constitutionally adequate medical treatment at the Allen County Community Corrections Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Laster alleges that from May 12, 2024, until January 4, 2026, he was unable to receive asthma medication while incarcerated in Allen County because he was living at the Allen County Community Corrections Facility where he was able to work. He alleges there were no medical staff at the facility. It is unclear whether he was involuntarily

forced to stay at the facility despite his medical needs or if he agreed to be there rather than the Allen County Jail (where there are medical staff) so he could work. It is unclear who knew he required medical treatment that he was not receiving, when they knew it, and what they did about it. It is unclear what he thinks makes the Allen County Community Corrections Facility (rather than individual staff) liable to him and whether it is even a suable entity.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Mr. Laster believes he can state a claim based on (and consistent with) the events described in this

2

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Phillip DeShawn Laster until **April 14, 2026**, to file an amended complaint; and

(2) CAUTIONS Phillip DeShawn Laster if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 13, 2026                                          *s/ Damon R. Leichty*
                                                        Judge, United States District Court

3